### UNITED STATES of America

v.

### Thomas MACKIE Jr.

### Crim. A. No. 93–485.

United States District Court, E.D. Louisiana.

July 5, 1995.

---

Milton Paul Masinter, Metairie, LA, John T. Mulvehill, Robert F. Barnard, Federal Public Defender, New Orleans, LA, Michael Seth Fawer, Law Offices of Michael S. Fawer, Dallas, TX, and Stephen David London, New Orleans, LA, William R. Campbell, Jr., New Orleans, LA, for defendant.

Peter G. Strasser, Asst. U.S. Atty., New Orleans, LA, for U.S.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is defendant's motion in limine seeking redaction of certain audio and video tapes that the government intends to introduce into evidence. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motion.

### Background

The defendant has been charged in a superseding indictment with 20 counts of alleged wrongdoing. (R.Doc. 49.) The first nineteen counts allege mail fraud and/or wire fraud as well as interstate travel in execution of fraud and unlawful financial transactions. Count 20 alleges money laundering in violation of 18 U.S.C. § 1956(a)(3)(A) and (B).

Pursuant to a motion by the defendant, which was unopposed by the government, the Court severed the trial of Count 20 from Counts 1–19 because defendant is relying on entrapment as a defense as to Count 20, which is inconsistent with his defense in regard to the first 19 counts. Defendant contends that the circumstances in Counts 1–19 constitute "arms length business" transactions.

Defendant now seeks the Court to redact the audio and video tapes at issue as to Count 20 for two reasons. First, according to defendant, parts of the tapes are irrelevant and concern issues far removed from the facts of this case. Thus, these parts of the tapes should be excluded under Fed. R.Evid. 401 and 402. Second, both the relevant and irrelevant portions of the tapes contain racial and ethnic slurs that are highly prejudicial and inadmissible pursuant to Fed. R.Evid. 403.

The government argues in response that it may delete large, contiguous portions of the subject conversations that are totally unrelated to any matter for purposes of judicial economy. However, the government maintains that the racial and ethnic slurs are included in the relevant portions of the tapes that specifically undermine the entrapment defense.

The Court has reviewed *in camera* a 28–page transcript of two tapes from the date of July 22, 1993, which has been provided by the government. However, neither this transcript nor the record indicate whether the 28–page transcript is of the audio tapes or the video tape. Nevertheless, the Court issues this ruling on the basis of the transcript before it, reserving ruling, if necessary, as to any other tapes (or transcripts) that may be at issue.

## Law and Application

### I. Relevancy

■ Rule 402 of the Federal Rules of Evidence states that "[a]ll relevant evidence is admissible" and that "[e]vidence which is not relevant is inadmissible." Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Having reviewed the 28–page transcript, the Court finds that the entire tape constitutes "relevant evidence" under Rule 401, specifically as to defendant's knowledge about concealment of the source of money, one of the elements necessary to prove a violation of 18 U.S.C. § 1956(a)(3)(B).

■ Additionally, the tape is relevant as to defense of entrapment. The law is clear that a person's readiness and willingness to break the law is an important factor for a jury to consider as to this defense. *See U.S. v. Johnson,* 872 F.2d 612, 622 (5th Cir.1989). The tape at issue sets forth knowledge on the part of the defendant that is "relevant evidence" as to whether defendant was ready and willing to violate the law.

Therefore, the Court will not require redaction of the tape on relevancy grounds.

### II. Racial and Ethnic Slurs

■ As noted, defendant next moves the Court to redact those portions of the tape that contain racial and/or ethnic slurs on the basis that they are prejudicial to defendant under Fed.R.Evid. 403. That rule provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...."

While "evidence of the racial feeling[ ] of the defendant[ ] is not probative on the issue of guilt," the Fifth Circuit has stated that any prejudicial effect from socially unacceptable or offensive language can be minimized through appropriate voir dire of prospective jurors. *United States v. Bright,* 630 F.2d 804, 814 (5th Cir.1990). Further, in light of the problems of selective deletion of certain portions of tapes, which may cause a break "in the flow of the conversation," the Fifth Circuit has indicated that it would be reluctant to order such redaction. *Id.*

Applying these principles to the present case, the Court finds that the tape is heavily seasoned with racial and/or ethnic slurs, especially in one part of the tape where the defendant is allegedly discussing how cash can be deposited into insurance companies in the name of deceased African–Americans. The Court finds, that although the slurs may be offensive, redaction of the slurs would not only severely damage "the flow" of the conversation but also remove relevant evidence from the jury's consideration.

Additionally, the Court finds it can take sufficient steps during voir dire of prospective jurors to ensure that no jurors are seated who would allow their judgment to be influenced by the slurs or who could not disregard race. Such prospective jurors would be subject to being excused for cause, as *Bright* instructs. *Id.*

Defendant relies on *United State v. Schweihs,* 971 F.2d 1302, 1314 (7th Cir.1992) for the proposition that the Court should carefully consider whether substitution or deletion of the offensive language would damage the probative value of the evidence and then question the venire panel as to the effect of such language on their judgment. Such a proposition is effectively in accord with *Bright* and is the procedure the Court has taken in this case. Therefore, *Schweihs* does not affect this Court's decision.

### III. Conclusion

Having reviewed the 28–page transcript of July 1993 tapes the Court denies defendant's motion. However, the Court reserves ruling on any issues implicated by defendant's motion as to any other tape.

Accordingly,

**IT IS ORDERED** that defendant's motion in limine to preclude the United States from presenting certain evidence at trial is **DENIED** as to the July 1993 tapes that the government intends to use at trial.